**NATURAL RESOURCES DEFENSE COUNCIL, INC., et al., Plaintiffs,**

v.

**William D. RUCKELSHAUS, Defendant.**

**Civ. A. No. 2598–71.**

United States District Court, District of Columbia.

May 5, 1972.

On Motion for Reconsideration
May 25, 1972.

David G. Hawkins, Edward L. Stroh-
behn, Jr., John Esposito, Washington,
D. C., for plaintiffs.

D. Lee Stewart, James R. Walpole, Washington, D. C., for defendant.

## MEMORANDUM OPINION AND ORDER

GESELL, District Judge.

Plaintiffs claim that the Administrator of the Environmental Protection Agency promulgated hydrocarbon emission standards for model year 1975 automobiles which were not authorized under section 202 of the Clean Air Act, 42 U.S.C. § 1857f–1, and thus failed to perform duties mandated by that Act. A declaratory judgment and affirmative relief are sought.

Plaintiffs are nonprofit corporations established, respectively, for the purposes of promoting and protecting environmental quality and assuring access of the citizenry to scientific expertise to promote the general welfare.

Plaintiffs allege that the hydrocarbon emission standard of 0.41 grams per vehicle mile (g/mi) promulgated by the Administrator on July 2, 1971 (36 Fed. Reg. 12658, § 1201.21, 40 C.F.R. 85.21), fails to achieve a reduction of 90 percent from emissions allowable for model year 1970 and fails to assure the attainment of the Primary Ambient Air Quality Standards for hydrocarbons as contemplated by § 202 of the Clean Air Act. Defendant contends that, in fact, the required 90 percent reduction is achieved by the challenged regulations. The matter is now before the Court on defendant's motion to dismiss. The issue has been fully briefed and argued.

■ The Court has jurisdiction under section 304 of the Act since, as will appear, the Administrator has in his discretion adopted new test procedures in developing regulations designed to accomplish the congressional purpose.

In the early stages of consideration of the Clean Air Amendments of 1970, P. L. 91–604, certain test procedures then in effect measured emissions of hydrocarbon from 1970-model cars at 2.2 g/mi. Section 202(b)(1)(A), which was added by the Amendments, requires that model 1975 cars shall reduce such emissions by at least 90 percent.* The Administrator over a period of time developed two more sophisticated tests for measuring emissions, a 1972 Procedure and a 1975 Procedure. He then applied these new tests to the 1970-model cars, finding that the same hydrocarbon emissions of such models came to 4.6 g/mi as measured by the 1972 Procedure and 4.1 g/mi as measured by the 1975 Procedure. The Administrator then utilized the 1975 Procedure to calculate the required 90 percent reduction. On this basis, ten percent of the 1970 model year car emissions of 4.1 g/mi (as measured on the 1975 Procedure), or .41 g/mi, was set as the hydrocarbon standard for 1975 models to be measured on the 1975 Procedure.

■ All the Administrator did, in effect was translate the 1970 emissions figures from the original test procedure into a more accurate procedure and calculate the 90 percent reduction according to the latter. This appears to be a reasonable exercise of the discretion necessary to corrolate a fixed directive of the statute with evolving test procedures in a new technological area of governmental regulation. The Administrator has thus complied with the requirements of section 202(b)(1)(A) of the Act.

■ A further aspect of the controversy concerns whether or not the standard calculated for the 1975 models will enable the Administrator to achieve expected Ambient Air Quality Standards for the country as a whole provided for in Title I of the Act. Many factors con-

---

* Section 202(b)(1)(A) provides that regulations prescribed by the Administrator "shall contain standards which require a reduction of at least 90 per centum from emissions of carbon monoxide and hydrocarbons allowable under the standards under this section applicable to light duty vehicles and engines manufactured in model year 1970." 42 U.S.C. § 1857f–1(b)(1)(A).

tribute to these goals. Motor vehicles are not the only source of carbon monoxide and hydrocarbons and vary in intensity in different localities. Other provisions of the Clean Air Act enable various levels of federal and state governments to move against other sources of these same emissions. Therefore, it is unnecessary for the Court to resolve the technical complexities involved in determining whether the 90 percent reduction for motor vehicles, as finally calculated, specifically complies with the Ambient Air Quality Standards.

■ Finally, plaintiffs urge that the 90 percent reduction as calculated will not achieve certain reduction targets established in November, 1969, by the Secretary of Health, Education, and Welfare, for the auto industry to reach by 1980. This argument appears to be without merit since, after the passage of the Act with its specific guidelines, the 1980 goal was not binding on the Administrator, and since, in addition, it appears that the 1980 goal of .46 g/mi was met by the 1975 reduction goal of .41 g/mi (both measured by the 1975 test procedure).

The Administrator has acted in a reasonable and proper manner in interpreting his duties under the Act. The complaint is without merit and the defendant's motion to dismiss is granted. So ordered.

On Motion for Reconsideration

■ This matter is again before the Court on plaintiffs' motion for reconsideration of the Court's opinion and order filed May 5, 1972, which granted defendant's motion to dismiss. In that opinion, the Court found that defendant reasonably exercised a narrow ministerial discretion of a technical, quasi-mathematical nature and thereby properly carried out the mandate of section 202 of the Clean Air Act. The facts alleged by plaintiffs would not have altered this finding since the Act within its four corners specified the goals to be achieved by the Administrator's standards and these goals were literally carried out. Alleged non-compliance with the 1980 H.E.W. goals and the possible existence of other methods of calculating the 90 percent reduction cannot alter the fact that the terms of the Act were literally complied with. This is all that is required.

Plaintiffs' motion for reconsideration is denied. So ordered.